UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| REBEKAH A. PAINTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20 CV 22 RWS |
| | ) |
| KILOLO KIJAKAZI[1], | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Rebekah A. Painter brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's decision denying her application for disability benefits under the Social Security Disability Insurance Program (SSDI),Title II of the Social Security Act, 42 U.S.C. §§ 401-434 and for benefits under the Supplemental Security Income Program (SSI), Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385.  For the reasons set forth below, I will reverse the decision of the Commissioner and remand this matter for further proceedings.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Procedural History**

Plaintiff was born in 1981.  She protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on April 18, 2018.  (Tr. 184-186.)  She alleges that she became disabled beginning February 6, 2018, because of trigeminal neuralgia, osteoarthritis, venous reflux, posttraumatic stress disorder (PTSD), major depressive disorder, generalized anxiety disorder / panic disorder, migraines, polycystic ovary syndrome (PCOS), asthma, and carpal tunnel syndrome.  (Tr. 228.)

Plaintiff's applications were initially denied on August 30, 2018.  (Tr. 100, 114.)  After a hearing before an ALJ on May 9, 2019, the ALJ issued a decision denying benefits on June 12, 2019.  (Tr. 7-22.)  On February 26, 2020, the Appeals Council denied plaintiff's request for review.  (Tr. 1-6.)  The ALJ's decision is now the final decision of the Commissioner.  42 U.S.C. §§ 405(g) and 1383(c)(3).

In this action for judicial review, Painter contends that the ALJ failed to consider Painter's care from a daily home assistance provider in determining her residual functional capacity (RFC).  In addition, Painter asserts that the ALJ failed to consider medical treatments that would cause Painter to be absent from work two or three days per month.   Painter asks that I reverse the Commissioner's final decision and either award her benefits or remand the matter for further evaluation.

For the reasons that follow, I will remand the matter for further proceedings.

## Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt plaintiff's recitation of facts (ECF #19-1) to the extent they are admitted by the Commissioner (ECF #27-1), as well as the additional facts submitted by the Commissioner (ECF #27-2) as they are not contested by plaintiff. Additional specific facts will be discussed as needed to address the parties' arguments.

## Discussion

A.  <u>Legal Standard</u>

To be eligible for disability insurance benefits under the Social Security Act, plaintiff must prove that he is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if [his] physical or mental impairment or impairments are of such severity that [he] is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful

3

work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the claimant is engaged in substantial gainful activity. If the claimant is working, disability benefits are denied. Next, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits his ability to do basic work activities. If the claimant's impairment(s) is not severe, then he is not disabled. The Commissioner then determines whether claimant's impairment(s) meets or equals one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. If claimant's impairment(s) is equivalent to one of the listed impairments, he is conclusively disabled. At the fourth step, the Commissioner establishes whether the claimant can perform his past relevant work. If so, the claimant is not disabled. Finally, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy. If not, the claimant is declared disabled and becomes entitled to disability benefits.

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).

Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001). "[Substantial evidence] means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citations omitted). Determining whether there is substantial evidence requires scrutinizing analysis. *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's

5

subjective complaints when they are inconsistent with the record as a whole. *See e.g., Battles v. Sullivan*, 902 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider whether a claimant's subjective complaints are consistent with the medical evidence. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (listing factors such as the claimant's daily activities, the duration, frequency, and intensity of the pain, precipitating and aggravating factors, dosage, effectiveness and side effects of medication, and functional restrictions).[2] When an ALJ gives good reasons for the findings, the court will usually defer to the ALJ's finding. *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007). However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding. *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002).

B.  ALJ's Decision

In his written decision, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 6, 2018. (Tr. 12.) The ALJ found that plaintiff had the following severe impairments: trigeminal

---

[2] This was once referred to as a credibility determination, but the agency has now eliminated use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of an individual's character. However, the analysis remains largely the same, so the Court's use of the term credibility refers to the ALJ's evaluation of whether a claimant's "statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record." *See* SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017); 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3); *Lawrence v. Saul*, 970 F.3d 989, 995 n.6 (8th Cir. 2020) (noting that SSR 16-3p "largely changes terminology rather than the substantive analysis to be applied" when evaluating a claimant's subjective complaints).

neuralgia; migraine headaches; arthritis; peripheral venous insufficiency; carpal tunnel syndrome, obesity, and asthma. (*Id.*) The ALJ found plaintiff had the non-severe impairments of depression and anxiety. (*Id.*) The ALJ determined that plaintiff's impairments or combination of impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14.) The ALJ found plaintiff to have the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> [Claimant can] lift or carry 10 pounds occasionally and five pounds frequently with the right upper extremity. She can lift or carry ten pounds occasionally. She can occasionally balance and stoop, but cannot climb, kneel, crouch or crawl. She can frequently handle and finger. She must avoid concentrated exposure to smoke, fumes, dust and gasses. She must avoid workplace hazards, such as dangerous machinery or at unprotected heights.

(Tr. 15.) The ALJ concluded that plaintiff could not perform her past relevant work based on her RFC. (Tr. 20.) The ALJ consulted a vocational expert (VE) to assess whether jobs within plaintiff's RFC existed in significant numbers in the national economy. (Tr. 20-21). The VE identified the jobs of food and beverage order clerk (13,000 positions); printed circuit board screener (20,000 positions); and optical goods final assembler (7,000 positions). (Tr. 21.) The ALJ therefore determined that plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*)

Plaintiff claims that this decision is not supported by substantial evidence because the ALJ should have expressly considered her receipt of assisted living help in taking care of her daily living needs and her two to three day absence from work each month.

C.   RFC

Painter's most severe problem contributing to her alleged disability is her trigeminal neuralgia.  (TR. 37.)  This condition causes unexplained chronic pain in the face.  It can be on either side of the face and feels like a stabbing, crushing, constant pain.  (Tr. 38.)  The pain is constant and is usually up to a three on a scale of ten.  (Tr. 50.)   Once or twice a week the pain can reach a seven or an eight.  (Tr. 39.)  When the pain is at this level Painter is unable to do work.  (Tr. 51.)  After trying multiple treatments Painter turned to infusions of lidocaine to control the pain.  (Tr. 38.)  The lidocaine infusions are done on an inpatient basis, each treatment lasting two to three days.  (*Id.*)  These treatments allow her pain to be greatly reduced but by the third week post-treatment it wears off and she can experience intense pain after that period.  (Tr. 39.)  The lidocaine infusions worked so well that Painter has them on a regular basis every three to four weeks.  (Tr. 38.)  She has had a catheter port surgically placed to allow an easier administration of her monthly lidocaine infusions.  (Tr. 677.)

The ALJ's decision acknowledged this information regarding Painter's trigeminal neuralgia.  He confirmed that Painter receives an infusion treatment approximately every month.  (Tr. 17)  However, the ALJ's decision fails to discuss the undisputed evidence that Painter must be admitted to the hospital for two or three days every month to receive an infusion treatment.  At the hearing the ALJ asked the VE a hypothetical question of whether the potential jobs based on Painter's RFC would still be available if an individual was absent an average of two days a month.  (Tr. 59.)  The VE responded that if a hypothetical individual were absent two days a month those jobs would be "eliminated."  (*Id.*)  The ALJ's decision does not address Painter's undisputed two to three day hospital stay every month or the VE's position that missing work two days a month would eliminate any potential job for Painter.

Moreover, in addressing Painter's daily living activities the ALJ concluded that Painter could prepare meals daily, provide care for her pet, attend to her own personal care, and complete household chores.  (Tr. 19.)  At the hearing Painter testified that she had assistance from Services for Independent Living which provided a home health aide two hours a day, seven days a week.  (Tr. 46-47.)  She testified that the service aide cooks, does household chores, cleans every room of the house, does laundry, does dishes, and provides one hour of transportation per

9

week to take Painter to the store and help her shop.  (Tr. 46)  The ALJ does not mention this service in his decision.

The Commissioner responds that the ALJ's failure to mention and discuss Painter's two to three day monthly treatments, the VE's opinion about missing work two days a month, and Painter's use of the Services for Independent Living aide does not undermine the ALJ's decision.  The Commissioner states that the ALJ is not required to discuss every piece of evidence submitted.  (citing *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).  The Commissioner also notes that the ALJ's failure to discuss a specific piece of evidence does not mean it was not considered (citing *Chaney v. Colvin*, 812 F.3d 672, 678 (8th Cir. 2016).  Be that as it may, when an ALJ fails to discuss a pivotal piece of undisputed evidence that would completely undermine his decision, his omission should be addressed.  I find that the ALJ's decision is not based on substantial evidence on the record as a whole because he failed to address the critical monthly impact of Painter's infusion treatments on her ability to keep a job.  As a result, I will remand this case for the ALJ to address this issue.  In addition, upon remand the ALJ should also explicitly address the impact of the daily assisted living help Painter receives and how it impacts Painter's daily living assessment.

## Conclusion

Because the ALJ's failed to explicitly addresses Painter's monthly infusion

treatments in relation to her ability to keep a job and the ALJ failed to explicitly address the impact of Painter's assisted living help on her daily living activities his decision is not supported by substantial evidence on the record as a whole. As a result, this case will be remanded for the ALJ to specifically address these issues.

Accordingly,

**IT IS HEREBY ORDERED that**, pursuant to sentence-four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is **REMANDED** for further proceedings in accordance with this memorandum and order.

A separate Judgment is entered herewith.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2021.